IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CR-18-1H
NO. 7:15-CV-208-H

DON CHRISTOPHER HAWES,  )
    Petitioner,  )
    v.  )  **ORDER**
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The government responded by filing a motion to dismiss. Petitioner has filed a response, and this matter is ripe for adjudication.

On March 16, 2009, petitioner pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) and 924. On June 9, 2009, this court sentenced petitioner to a term of imprisonment of 188 months. Petitioner did not file an appeal. On March 21, 2015, petitioner filed the instant motion alleging that as a result of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2552 (2015) (voiding the "residual

clause" contained in 18 U.S.C. § 924(e)(2)(B)(ii) for lack of due process and for vagueness), he no longer qualifies as an armed career criminal.

### COURT'S DISCUSSION

To qualify as an armed career criminal under 18 U.S.C. § 924(e), a defendant who violated 922(g) must have three previous convictions "for a violent felony or serious drug offense, or both, committed on occasions different from one another. . ." 18 U.S.C. § 924(e).

The Fourth Circuit has held that a North Carolina conviction for breaking or entering qualifies as burglary under the enumerated offense clause of § 924(e)(2)(B)(ii). United States v. Mungro, 754 F.3d 267 (4th Cir. 2014). As Johnson does not apply to the enumerated offense clause, it has no effect on petitioner's status as an armed career offender in this matter.

Furthermore, the fact that the breaking or entering offenses were consolidated for sentencing does not affect their treatment as separate offenses for purposes of § 924(e). United States v. Bruton, 589 F. App'x 91, 92 (4th Cir. 2014) (unpublished) citing United States v. Samuels, 970 F.2d 1312 (4th Cir. 1992). Therefore, petitioner's argument that he was improperly classified as an armed career criminal fails.

2

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 16th day of May 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26